UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT S. BEM, JR., | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:15-cv-00067-JAD-NJK |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CLARK COUNTY SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on January 12, 2015. *Id.* This proceeding was referred to this Court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a Court additionally screens the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d

1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### A.    Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

1    Plaintiff's complaint asserts employment discrimination and retaliation claims under Title

2    VII of the Civil Rights Act of 1964.  *See* Docket No. 1-1 at 1.  Claims under that statute invoke the

3    Court's federal jurisdiction.

4    **B.**    **Plaintiff's Claims**

5    Having determined that federal-question jurisdiction exists under the well-pleaded complaint

6    rule, the Court now turns to the sufficiency of the factual allegations to state a claim.  Plaintiff brings

7    claims for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act.  *See*

8    42 U.S.C. § 2000e et seq.  Title VII allows persons to sue an employer for discrimination on the

9    basis of race, color, religion, gender or national origin if he or she has exhausted both state and Equal

10   Employment Opportunity Commission (EEOC) administrative procedures.  Once plaintiff files

11   charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement,

12   and decide whether to sue the employer or refer the decision to sue to the Attorney General if the

13   charges are against a state or local governmental entity.  *Id*.  If the EEOC or Attorney General

14   decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue

15   plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC.  *See* 42

16   U.S.C. § 2000e-5(f)(1).  After receipt of the right to sue letter, plaintiff may sue in federal or state

17   court.  *Id*.; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566,

18   108 L.Ed.2d 834 (1990).  Here, Plaintiff has attached a right to sue letter from the EEOC to his

19   complaint.  *See* Docket No. 1-1 at 6-7.  Thus, it appears Plaintiff has exhausted his administrative

20   remedies.

21   To sufficiently allege a *prima facie* case of discrimination in violation of Title VII to survive

22   a § 1915 screening, Plaintiff must allege: (a) she belonged to a protected class; (b) she was qualified

23   for her job; (c) she was subjected to an adverse employment action; and (d) similarly situated

24   employees not in her protected class received more favorable treatment.  *See Shepard v. Marathon*

25   *Staffing, Inc.*, 2014 U.S. Dist. Lexis 76097, *5 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447

26   F.3d 748, 753 (9th Cir. 2006)).  In screening Plaintiff's complaint and construing it liberally, the

27   Court looks in part to the attachments provided.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th

28   Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits

- 3 -

1   attached to the complaint).  Plaintiff's complaint attaches his "charge of discrimination," which

2   alleges that he is white, that he performed his job for roughly six years, that his employment was

3   terminated, and that similarly situated non-white employees engaged in similar misconduct but were

4   not discharged.  *See* Docket No. 1-1 at 3-4.  Plaintiff has, therefore, stated a racial discrimination

5   claim against his employer.

6        To sufficiently allege a *prima facie* case of retaliation in violation of Title VII to survive a

7   § 1915 screening, Plaintiff must allege: (1) that he or she committed a protected act, such as

8   complaining about discriminatory practices; (2) that the employee suffered some sort of adverse

9   employment action; and (3) a causal connection between the employee's action and the adverse act.

10  *See Jenkins v. Lab. Corp. Of Am.*, 2013 U.S. Dist. Lexis 118008, *5 (D. Nev. Aug. 20, 2013) (citing

11  *Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008)).  Here, Plaintiff alleges that he

12  complained of discriminatory treatment, that his employment was thereafter terminated, and that the

13  termination was retaliation for engaging in protected activity.  *See* Docket No. 1-1 at 3-4.  Plaintiff

14  has, therefore, stated a retaliation claim against his employer.

15       Hence, construing Plaintiff's pleadings liberally, he has stated a claim for racial

16  discrimination and retaliation under Title VII.[1]

17  **III.   Conclusion**

18       Based on the foregoing and good cause appearing, therefore,

19       **IT IS ORDERED** that:

20       1.      Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not

21               be required to pay the filing fee.  Plaintiff is permitted to maintain this action to

22

---

23       [1] When the Court screens a complaint, it does so without the benefit of an adversarial
    presentation.  *Cf. Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (noting that screening
24  "a complaint without benefit of an adversarial presentation is often an uncertain and time-consuming
    task").  Nothing in this order precludes Defendant from filing a motion to dismiss as to any claim
25  brought by Plaintiff.

26       It is not clear whether Plaintiff intends to bring other claims, such as a hostile work
    environment claim.  *See* Docket No. 1-1 at 1, 3.  The Court does not express any opinion as to any
27  such claims.  It is enough at the screening stage that the Court has determined that at least racial
    discrimination and retaliation claims have been stated.  *See, e.g., Jenkins*, 2013 U.S. Dist. Lexis
28  11808, at *6 n.1.

1  conclusion without the necessity of prepayment of any additional fees or costs or the

2  giving of a security therefor.  This Order granting leave to proceed *in forma pauperis*

3  shall not extend to the issuance of subpoenas at government expense.

4  2.    The Clerk of the Court shall file the Complaint and shall issue Summons to

5  Defendant, and deliver the same to the U.S. Marshal for service.  Plaintiff shall have

6  twenty days in which to furnish the U.S. Marshal with the required Form USM-285.

7  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-

8  285, showing whether service has been accomplished, Plaintiff must file a notice

9  with the court identifying whether defendant was served.  If Plaintiff wishes to have

10  service again attempted on an unserved defendant, a motion must be filed with the

11  court identifying the unserved defendant and specifying a more detailed name and/or

12  address for said defendant, or whether some other manner of service should be

13  attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service

14  must be accomplished within 120 days from the date this order is entered.

15  3.    From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has

16  been entered by counsel, upon the attorney(s), a copy of every pleading motion or

17  other document submitted for consideration by the court.  Plaintiff shall include with

18  the original papers submitted for filing a certificate stating the date that a true and

19  correct copy of the document was mailed to Defendant or counsel for Defendant.

20  The Court may disregard any paper received by a District Judge or Magistrate Judge

21  which has not been filed with the Clerk, and any paper received by a District Judge,

22  Magistrate Judge, or the Clerk which fails to include a certificate of service.

23  Dated: January 21, 2015

24

25  _____

26  NANCY J. KOPPE
    United States Magistrate Judge

27

28